1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN D. ROBERTSON,<br><br>                              Plaintiff,<br><br>     v.<br><br>LORNE A. DORN; KIM DORN; and DESJARDINS GENERAL INSURANCE GROUP, doing business as Certas Home and Auto Insurance Company,<br><br>                              Defendants. | NO:  2:21-CV-64-RMP<br><br>ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT CERTAS |

BEFORE THE COURT is a Motion for Summary Judgment by Defendant

Desjardins General Insurance Group, doing business as Certas Home and Auto

Insurance Company ("Certas"), ECF No. 12.  The Court has reviewed the Motion,

ECF No. 12; Defendant's supporting declarations and exhibits, ECF Nos. 13 and 14;

Defendant's Statement of Material Facts Not in Dispute, ECF No. 15; Plaintiff Alan

D. Robertson's response, ECF No. 16; Plaintiff's Objections to Defendant's

Statement of Material Facts Not in Dispute and Statement of Additional Material

ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT CERTAS ~ 1

Facts Not in Dispute, ECF No. 17, Plaintiff's supporting declaration and exhibits,

ECF No. 18; Defendant's reply, ECF No. 19; the remaining docket; the relevant law;

and is fully informed.

## BACKGROUND

### *Procedural History*

Plaintiff Robertson filed a Complaint in Stevens County Superior Court

alleging that on January 30, 2020, Defendant Lorne Dorn "was overdriving the

conditions and not paying attention" while navigating a road with his vehicle in

Stevens County, Washington.  ECF No. 1-1 at 5.  Robertson alleges that he was a

pedestrian trying to clear an injured deer from the middle of the road.  *Id.*  Robertson

alleges that Dorn did not "react, decrease his speed, blow his horn, steer clear,

swerve or otherwise avoid contact" and instead "negligently drove into the situation,

hitting the deer and/or plaintiff, causing severe personal injuries necessitating

medical care, rehabilitation, amputation, costs, wage loss and other damages." *Id.* at

5.  As a result of the collision, Robertson alleges personal injuries including, but not

limited to, the amputation of his legs below his knees.  *Id.* at 7.

Robertson alleges that Certas contracted to provide insurance applicable to the

vehicle-pedestrian collision alleged and that Certas did not "properly investigate,

evaluate, communicate, negotiate, settle, pay, defend, and/or otherwise properly

cover and/or handle the claims at issue."  ECF No. 1-1 at 5.  Plaintiff is pursuing

claims for breach of contract, violation of the Washington Consumer Protection Act

("CPA"), ch. 19.86 Revised Code of Washington ("RCW"), and "fault, negligence or lack of good faith" against Certas. *Id.* at 6– 7. Robertson alleges a claim of "fault, negligence or lack of good faith" against Defendant Dorn. *Id.* at 7.

Robertson's Complaint seeks relief in the form of: (1) damages of all types, exemplary damages, fees, and costs; (2) declaratory relief that (a) he is entitled to personal injury protection ("PIP") benefits, (b) liability insurance applies, and Certas is estopped from relying upon the policy limits with respect to Plaintiff's injury claims, and (c) defenses to coverage, liability, or responsibility for Plaintiff's damages are invalid; (3) injunctive relief prohibiting further misconduct; and (4) other, unspecified damages. ECF No. 1-1 at 8–9.

Certas removed the action to this Court based on diversity of citizenship between Plaintiff and Defendants. *See* ECF No. 1; 28 U.S.C. § 1332.

### *Evidentiary Objections*

The Court notes, as a preliminary matter, that Plaintiff objects to six of Defendant Certas's "Material Facts Not in Dispute." ECF No. 17 (objecting to paragraphs 1, 2, 3, 4, 5, and 7 of Certas's Statement of Material Facts Not in Dispute at ECF No. 15). The facts to which Plaintiff objects are as follows:

> 1. Certas is a Canadian insurer.
> 2. Certas is not admitted to issue insurance policies in any jurisdiction of the United States of America.
> 3. Certas only issues insurance policies to individuals and businesses located in Canada.
> 4. Certas does not insure property in the United States, or vehicles registered in the United States.

ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT CERTAS ~ 3

     5. Certas issued multiple insurance policies to the defendants Dorn.
     7. All insurance policies issued by Certas to the defendants Dorn were placed through an insurance agent in Edmonton, Alberta, Canada.

*See* ECF No. 15 at 2−3 (internal citations to Bertram's declaration omitted).

Defendant relies on the declaration of Joanne Bartram, Analyst for Desjardins Insurance Group, of which Certas is a member, to support each of the facts above, in addition to offering the automobile insurance policy for the vehicle involved in the collision with Plaintiff as an exhibit attached to Bartram's declaration. *See* ECF Nos. 15 at 2−3; 14 at 1. Defendant relies on Ms. Bartram's declaration for other "Material Facts Not in Dispute" to which Plaintiff does not object including to support that "[a]ll insurance policies issued by Certas to the defendants Dorn show the Dorns' address as being in LeDuc County, province of Alberta, Canada." ECF No. 15 at 2. Bartram indicates that her general basis for knowledge is that she is employed as an analyst for parent company Desjardins Insurance Group. ECF No. 14 at 2. Bartram then declares, without indicating a further basis for knowledge beyond her employment with the insurer:

> Certas is a Canadian insurer, and is not admitted to issue policies in any jurisdiction of the United States of America. Certas only issues insurance policies to individuals and business located in Canada. Certas does not insure property in the United States. Certas does not insure vehicles registered in the United States.

ECF No. 14 at 2.

Bartram declares that her basis for knowledge for the Dorns' insurance coverage is based on her "review [of] information on Certas insurance policies

ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT CERTAS ~ 4

issued to the [Dorns], which were in effect on January 30, 2020." ECF No. 14 at 2.

Plaintiff does not dispute that Bartram is employed by Desjardins Insurance Group

or that she would have access to the Dorns' insurance records with Certas in the

course of her employment.

A proponent may authenticate a document by offering "[t]estimony that an

item is what it is claimed to be." Fed. R. Evid. 901(b)(1). "[A]n inquiry into

authenticity concerns the genuineness of an item of evidence, not its admissibility."

*Orr v. Bank of America*, 285 F.3d 764, 776 (9th Cir. 2002); *see also Alexander*

*Dawson, Inc. v. N.L.R.B.*, 586 F.2d 1300, 1302 (9th Cir. 1978) ("The issue for the

trial judge under Rule 901 is whether there is prima facie evidence, circumstantial or

direct, that the document is what it is purported to be. If so, the document is

admissible in evidence."). At the summary judgment stage, the Court is concerned

with whether "the material cited to support or dispute a fact cannot be presented in a

form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Therefore,

courts may consider material that may be admissible in some other form at trial. *See*

*Block v. City of L.A.*, 253 F.3d 410, 418−19 (9th Cir. 2001). *See Comite de*

*Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 964 n. 7 (9th

Cir. 2011) ("Rule 56 is precisely worded to exclude evidence only if it's clear that it

cannot be presented in an admissible form at trial.").

The Court finds that Bartram's statements that assert her employment as a

basis for personal knowledge, as well as her review of information from the Dorns'

file in the course of her employment, are sufficient to support that the attached

exhibits and her declaration are what they claim to be for purposes of summary

judgment.  Moreover, because it is possible that the facts underlying the exhibits and

declaration could be admissible at trial, the Court overrules Plaintiff's objections to

them.  *See* Fed. R. Civ. P. 56(c)(2).

Furthermore, the Court notes that Certas objects in its reply to many of the

facts recited in Plaintiff's Statement of Material Facts Not in Dispute as irrelevant or

argumentative.  *See* ECF No. 20 at 3–5.  The Court need not resolve Defendant's

objections based on relevance at the summary judgment stage, as the Court already

disregards evidence that is irrelevant or immaterial, or legal conclusions improperly

presented in the guise of factual statements, in determining whether summary

judgment is appropriate.  *See Burch v. Regents of the University of California*, 433

F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) ("A court can award summary judgment

only when there is no genuine dispute of material fact.  It cannot rely on irrelevant

facts, and thus relevance objections are redundant.").  Likewise, the Court disregards

legal arguments that it encounters in statements of facts.  *See Burch*, 433 F. Supp. 2d

at 1119 ("[S]tatements in declarations based on speculation or improper legal

conclusions, or argumentative statements, are not facts and likewise will not be

considered on a motion for summary judgment.  Objections on any of these grounds

are simply superfluous in this context.").  Therefore, the Court overrules as moot

Defendant's objections to Plaintiff's Statement of Facts Not in Dispute.

1    ***Factual Context***

2         The Dorns registered and insured their pickup truck at their Alberta, Canada,

3    address.  ECF No. 14 at 2−4.  The Dorns contracted for the Certas automobile

4    insurance and other Certas insurance policies through an agent in Edmonton,

5    Alberta, Canada.  *Id.*  At the time of the January 30, 2020 collision, the Dorn

6    Defendants were carrying an automobile insurance policy that included liability

7    insurance.  Ex. 1 at 1, 6–7.  The Dorns also were carrying an umbrella insurance

8    policy that provided an extra layer of liability insurance above the automobile

9    policy.  Ex. 3.  The automobile policy provides that it "applies only while the

10   automobile is being operated, used, stored or parked within Canada, the United

11   States of America or upon a vessel plying between ports of those countries."  *Id.* at

12   23.

13        In addition, the Dorns' automobile insurance policy with Certas contains first

14   party coverage called "Section B—Accident Benefits" coverage.  ECF No. 14 at 7

15   Ex. 1 p. 1, 7–15.  The "Section B—Accident Benefits" coverage provides:

16            The Insurer agrees to pay to or with respect to each insured person as
             defined in this section who sustains bodily injury or death directly and
17           independently of all other causes by an accident arising out of the use
             or operation of an automobile.
18
     ECF No. 14 at 13.
19
          The parties agree that Section B may apply irrespective of any fault of the
20
     insured.  *See* ECF No. 20 at 2.  The term "insured person" includes, in relevant part,
21

"any person, not the occupant of an automobile . . . who is struck, in Canada, by the described automobile . . . ."  ECF No. 14 at 18–19.

At the time that Dorn hit Robertson with his vehicle on January 30, 2020, Dorn had a driver's license issued by the province of Alberta, and he was driving the pickup truck bearing Alberta license plates and covered by the Certas automobile insurance policy.  ECF No. 14 at 4.  According to Bartram, "Certas has advised the Dorns that it will provide unlimited additional protection for the Dorns, above the combined limits of the Auto Policy and Umbrella Policy, for liability they may have to the plaintiff in this action."  ECF No. 14 at 3.

Certas requests, and Plaintiff does not contest, that the Court take judicial notice that Certas is not registered as an admitted insurer for any coverages in the State of Washington.  *See* ECF Nos. 12 at 4 n. 2; 16.  Having verified that neither Certas nor Desjardins General Insurance Group is listed on the Washington State Office of the Insurance Commissioner's website, the Court takes judicial notice as requested.  *See* Fed. R. Evid. 201.

## LEGAL STANDARD

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve

the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 324.

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case. *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3 (internal quotations omitted).

The Court will not infer evidence that does not exist in the record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

/ / /

/ / /

### DISCUSSION

Defendant Certas seeks summary judgment on all of Plaintiff's claims against the insurer based on three issues.  First, Certas argues that the Washington PIP statute does not apply to it because the vehicle that struck Robertson was not a Washington-registered or principally-garaged-in-Washington vehicle, and Certas only insures Canadian risks.  ECF No. 12 at 8–10.  Second, Certas argues that there is no justiciable controversy to be resolved through a declaratory judgment over whether Plaintiff is entitled to liability coverage.  *Id.* at 8–10.  Third, Certas argues that Robertson lacks standing to sue Certas on extracontractual claims, which in Plaintiff's Complaint includes an alleged violation of the CPA, bad faith, and other unspecified causes of action.  *Id.* at 13–14 (citing, *inter alia*, *Keodalah v. Allstate Ins. Co.*, 194 Wn.2d 339, 351 (2019) for the proposition that an injured party has no right of action against an insurance company for bad faith or for violation of the CPA).

### *Washington's PIP Statute and Plaintiff's Motion for a Continuance under Fed. R. Civ. P. 56(d)*

Plaintiff alleges in his Complaint that he is entitled to first-party PIP benefits as an injured pedestrian and is entitled to declaratory judgment finding that "PIP coverage applies and Plaintiff is entitled to all such medical and wage benefits[.]" ECF No. 1-1 at 4, 8.  Certas argues that it is not obligated to provide Plaintiff with PIP coverage under the plain terms of Washington's PIP statute.  ECF No. 12 at 9

(citing RCW 48.22.085).[1]  Certas asserts that since the automobile that collided with Plaintiff, was neither registered in Washington nor "principally garaged" in Washington, there is no open question as to whether Certas was required to provide Plaintiff with Washington law-compliant PIP.  ECF No. 12 at 9.  Certas maintains that "if the pickup were not registered and principally garaged in Canada, Certas would not have insured it."  ECF No. 12 at 10.

Plaintiff responds that the Section B benefits in the Dorns' automobile insurance policy with Certas "meet the definition of PIP benefits under Washington law and must be treated as such."  ECF No. 16 at 11.  Plaintiff argues that Washington's Financial Responsibility Act ("FRA") requires an insurer providing coverage to insureds while they operate a vehicle in Washington to both "execute a power of attorney authorizing the director to accept service on behalf of the insurer for any accidents occurring in Washington" and "agree in writing that its insurance policies, [sic] 'shall be deemed to conform with the laws of this state relating to the terms of motor vehicle liability policies issued therein.'"  *Id.* at 12 (quoting RCW 46.29.470(1) and (2)).  In relation to Plaintiff's FRA arguments, Plaintiff seeks a continuance of summary judgment in this matter to permit Plaintiff to conduct discovery regarding any "power of attorney authorizing the director to accept service

---

[1] Defendant Certas also asserts that it could not be liable for not paying a claim that Plaintiff never made, as there is no evidence that Plaintiff made a PIP claim before filing the instant lawsuit.  ECF No. 12 at 8.

on behalf of Certas and written agreement that Certas' policies will conform to Washington law." *Id.* at 20. Plaintiff argues that "[t]his discovery will elucidate what agreements are in place between Washington and Certas that allow Certas to represent to their insureds that auto insurance policies issued by Certas provide coverage in Washington." *Id.*

Plaintiff next argues that RCW 48.22.005(5), which defines "insured" for the PIP statute, does not include a geographical restriction for PIP benefits for pedestrians who are accidentally struck by an insured automobile. ECF No. 16 at 13. Plaintiff further relies on RCW 48.22.095, a provision that requires an insurer to offer minimum PIP coverage within specified amounts, to argue that "Washington law requires that PIP benefits must cover pedestrians who are accidentally struck by an insured automobile, regardless of the geographic location of the accident." *Id.* at 13. Plaintiff argues that RCW 48.22.005(5) and 48.22.095 further support that "an out-of-state insurance provider who wishes for the coverage they provide their insureds to apply while their insured operate vehicles in Washington must agree that their insurance policies conform to the laws of the State of Washington and thus cannot exclude an individual who would otherwise be insured for PIP benefits based on the geographic location of the accident." *Id.* Therefore, Plaintiff argues, Certas may not apply its definition of an "insured" in its Section B policy because it is more restrictive than what is required of Certas under Washington law. In arguing that Washington law partially negates the language of the insurance contract, Plaintiff

emphasizes Washington's "strong public policy that victims of road accidents receive full compensation of medical benefits" and maintains that the Dorns' Certas insurance policy should be read to "afford the broadest possible coverage within the bounds of fairness" to the insurer.  *Id.* at 14.

Defendant Certas maintains that Plaintiff's reliance on the FRA as embodied in RCW 46.29.470 is misplaced because the FRA concerns security after a driver has been in an accident or committed a serious driving offense and does not pertain to PIP.  ECF No. 19 at 6–7.

Washington requires insurers to offer PIP coverage as part of an automobile insurance policy, and the optional PIP coverage, which the named insured may decline in writing, must cover payment of "all reasonable and necessary expenses incurred by or on behalf of the insured for injuries sustained as a result of an automobile accident."  RCW 48.22.005(7) (defining "medical and hospital benefits"); *see also* RCW 48.22.085 (requiring PIP coverage to be offered); RCW 48.22.095 (setting required minimum PIP coverage amounts) and .100 (setting PIP benefit limits).  For purposes of the PIP statute, "automobile" is defined as a "passenger car as defined in RCW 46.04.382 [(defining "passenger car")] registered or principally garaged in this state other than" an enumerated list of vehicles not at issue in this case.  RCW 48.22.005(1).  "Insured" includes a "person who sustains bodily injury caused by accident while . . . (ii) a pedestrian accidentally struck by the insured automobile."  RCW 48.22.005(5).

1      A recent case from the Washington State Court of Appeals has recognized that

2 Washington law contemplates PIP coverage only for "automobiles" as defined in

3 RCW 48.22.005(1). *Koren v. State Farm Fire & Cas. Co.*, 1 Wash. App. 2d 954,

4 960 (2018) (holding in favor of an insurer that denied a claim for PIP coverage for

5 injuries sustained in an accident involving school buses because school buses do not

6 meet the definition of "automobile").

7      The FRA, ch. 26.29 RCW, requires a person to prove financial responsibility

8 after an accident resulting in bodily injury, death, or property damage has occurred.

9 *See Miller v. Aetna Life & Casualty Co.*, 70 Wn. App. 192, 198 (Wash. Ct. App.

10 1992). The FRA does not address PIP coverage. Rather, the FRA provides for a

11 two-step process after an accident. *Id.* at 200 n. 3 (1993). First, if the injured person

12 submits certain information within 180 days of the accident, the other party must

13 demonstrate financial responsibility. RCW 46.29.070(2). Second, the party causing

14 the injury must demonstrate financial responsibility for the future by filing with the

15 State

16      (1) A certificate of insurance as provided in RCW 46.29.460 or
46.29.470;

17      (2) A bond as provided in RCW 46.29.520;

18      (3) A certificate of deposit of money or securities as provided in RCW
46.29.550; or

19      (4) A certificate of self-insurance, as provided in RCW 46.29.630,
supplemented by an agreement by the self-insurer that, with respect to
accidents occurring while the certificate is in force, he will pay the same

20 amounts that an insurer would have been obliged to pay under an
owner's motor vehicle liability policy if it had issued such a policy to

21 said self-insurer.

*Id.* (citing RCW 46.29.450, 46.29.260).

It is undisputed that the pickup truck in which Defendant Dorn collided with Plaintiff was not "registered or principally garaged" in Washington. Rather, the truck was registered in Canada, bearing Alberta license plates, and the insurance policy was issued to the Dorns at an Alberta address. ECF Nos. 13 at 6; 14 at 7. Plaintiff has not disputed the evidence that Certas submitted with any evidence to the contrary. Therefore, the vehicle involved in the accident in this case does not meet the plain definition of "automobile" for inclusion in the requirement to offer PIP coverage. *See* RCW 48.22.005(1). The undisputed facts in this case place the insured vehicle in this case outside the language of Washington's PIP statute. Plaintiff has not provided any authority to support that the FRA displaces the plain language of the PIP statute.

Furthermore, to be an "insured person" for purposes of Section B benefits under the Certas policy, which Plaintiff argues is the equivalent of PIP benefits, the policy terms require that the person must have been "struck, in Canada, by the described automobile . . . ." ECF No. 14 at 18–19. While public policy favors full compensation for victims of road accidents, courts may not create an ambiguity where insurance policy language is "'clear and unambiguous' and not fairly susceptible to different reasonable interpretations." *Koren*, 1 Wash. App. 2d at 958 (quoting *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 576 (Wash. 1998)).

Plaintiff does not refer the Court to any controlling or even persuasive authority to support that Washington law requires the Court to disregard the plain language of the Dorn's Section B coverage from Certas.

The Court also considers whether Plaintiff is entitled to a continuance to gather the materials that he maintains are necessary to respond to summary judgment.  *See* ECF No. 16 at 20.  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery."  Fed. R. Civ. P. 56(d).  "In general, a denial of a Rule 56[(d)] application is disfavored where the party opposing summary judgment makes a timely application which specifically identifies relevant information, and where there is some basis for believing that the information sought actually exists."  *Church of Scientology of San Francisco v. I.R.S.*, 991 F.2d 560, 562 (9th Cir. 1993), *vacated in part on other grounds*, 30 F.3d 101 (9th Cir. 1994).

The materials that Plaintiff seeks a continuance to secure are related to Plaintiff's arguments that the FRA disallows Certas from applying the geographic restriction provided in its Section B coverage with respect to Plaintiff when Certas has also agreed to provide coverage for insureds under the automobile insurance

policy in Washington. *See* ECF No. 16 at 20.[2]  However, any agreements "between Certas and Washington," even if such documents exist, are not relevant to whether the vehicle in the collision that injured Plaintiff was an "automobile" for purposes of the PIP statute, as it was not registered nor garaged in Washington.  Therefore, the documents that Certas seeks do not provide a legitimate reason for delaying summary judgment for Certas with respect to Plaintiff's claim for declaratory relief regarding PIP coverage.

---

[2] Plaintiff articulates the following as the reasoning in support of a Rule 56(d) continuance:

> If the Court has any question as to whether or not Certas' Motion for Summary Judgment should be denied, the Court should grant a CR 56(d) continuance so that Mr. Robertson can obtain the power of attorney authorizing the director to accept service on behalf of Certas and written agreement that Certas' policies will conform to Washington law. Mr. Robertson will also likely need to conduct depositions addressing these documents and what agreements exist between Certas and Washington. This discovery will elucidate what agreements are in place between Washington and Certas that allow Certas to represent to their insureds that auto insurance policies issued by Certas provide coverage in Washington.

ECF No. 16 at 20.

Plaintiff does not provide an affidavit in compliance with Fed. R. Civ. P. 56(d) nor otherwise demonstrate that there is a basis for believing that the information sought actually exists.

1      Therefore, the Court denies Plaintiff's motion for a Fed. R. Civ. P. 56(d)

2    continuance and grants summary judgment to Defendant Certas on Plaintiff's claim

3    for declaratory relief regarding PIP coverage.

4          ***Justiciability of Declaratory Judgment Action***

5          Plaintiff also seeks a declaratory judgment finding that third-party liability

6    coverage applies to the circumstances of this case and that "Certas [is] estopped

7    from limiting or restricting [liability] coverage and benefits to protect defendant and

8    compensate, cover and fully indemnify the Plaintiff's personal injury claims." ECF

9    No. 1-1 at 8. Defendant Certas argues that there is no justiciable controversy

10   involving either source of liability coverage in this matter, the automobile policy, or

11   the umbrella policy. ECF No. 12 at 12. Certas argues that it has not denied

12   coverage, so there is nothing for the Court to declare in that respect. *Id.* at 13. Next,

13   Certas argues that since Certas has extended coverage to the Dorns above the

14   combined policy limits, there is nothing to declare concerning the applicable limits

15   of liability and no imperative to interpret the insurance contracts with respect to

16   liability coverage. *Id.* at 13. Plaintiff has not responded to Defendant Certas's

17   argument that this case lacks an existing dispute with respect to either source of

18   liability coverage that requires the Court to determine the "construction or validity"

19   of the insurance contract. *See* ECF No. 16. Notwithstanding the fact that Plaintiff

20   may be deemed to have abandoned his declaratory judgment claim regarding

21   liability coverage, or consented to an adverse ruling on this issue, the Court also

considers Defendant's argument for summary judgment dismissal of the claim on its merits. *See* L.Civ.R. 7(e).

Plaintiff brings his declaratory judgment action under Washington's Uniform Declaratory Judgments Act ("UDJA"), ch. 7.24 RCW. Under RCW 7.24.020, the provision cited by Plaintiff in his Complaint, a "person interested under a . . . written contract . . . may have determined any question of construction or validity arising under . . . the contract." *See* ECF No. 1-1 at 4.

The concept of justiciability "expresses the jurisdictional limitations imposed upon federal courts by the 'case or controversy' requirement of Article III of the United States Constitution." *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 n. 5 (9th Cir. 2007) (internal citations omitted); U.S. Const. Art. III. Similarly, Washington courts interpreting the UDJA require a justiciable controversy for a Court to hear a claim for declaratory relief. *Nollette v. Christianson*, 115 Wn.2d 594, 599 (Wash. 1990). A justiciable controversy entails: "'(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.'" *Id.* (quoting *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815 (Wash. 1973)); *see also To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411 (Wash. 2001) (recognizing that

the UDJA's requirements incorporate "the traditional limiting doctrines of standing, mootness, and ripeness, as well as the federal case-or-controversy requirement."); *compare with Alim v. City of Seattle*, 14 Wn.App.2d. 838, 850 (2020) (holding that "justiciability under the DJA is not a question of subject matter jurisdiction" because, unlike the U.S. Constitution, the Washington State Constitution does limit trial courts' jurisdiction).  The Washington Supreme Court has further held that a court, may, in its discretion, reach a question that does not fully satisfy the four justiciability factors if it is an issue of "broad overriding public import."  *Walker v. Munro*, 124 Wn.2d 402, 432 (Wash. 1994).

Given that Plaintiff has not come forth with evidence that Defendant Certas denied any claim of liability coverage with respect to Plaintiff, there is no basis to find that Plaintiff has presented to the Court an actual and existing dispute as opposed to a "possible, dormant, hypothetical, speculative, or moot disagreement." *See Nollette*, 115 Wn.2d at 599; *see also Duett v. State Farm Mut. Aut. Ins. Co.*, No. 2:19-cv-1917-RAJ, 2020 U.S. Dist. LEXIS 179343, at * 5 (W.D. Wash. Sep. 29, 2020) (finding that Plaintiff's UDJA claims were not justiciable where the insurer had admitted underinsured motorist coverage, and Plaintiff had not identified any specific provision of which she was asking the court to determine the construction or validity under RCW 7.24.020).

In light of the undisputed facts and the relevant law, the Court grants summary judgment to Defendant Certas with respect to Plaintiff's claim for declaratory relief regarding third-party liability coverage.

### Plaintiff's Standing to Pursue Breach of Contract, Bad Faith, and CPA Claims

Article III of the United States Constitution provides that federal courts may resolve only "cases" and "controversies."  U.S. Const. Art. III, § 2.  As part of the case-or-controversy requirement, plaintiffs must establish that they have standing to sue.  *See Raines v. Byrd*, 521 U.S. 811, 818 (1997).  The issue of standing may be raised either by motion or *sua sponte* by the Court at any time during litigation or appeal; it cannot be waived.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986).

At the summary judgment stage, plaintiff must support the elements of standing "in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also, e.g., Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012); *People to End Homelessness, Inc. v. Develco Singles Apartments Assocs.*, 339 F.3d 1, 8 (1st Cir. 2003) ("As litigation progresses, Article III places an increasingly demanding evidentiary burden on parties that seek to invoke federal jurisdiction.  A plaintiff who has standing at the motion to dismiss stage does not

automatically have standing at the summary judgment stage.").  Therefore, "even though general factual allegations may satisfy standing on a motion to dismiss, at the summary judgment stage, a plaintiff must support each element of standing with 'specific facts.'"  *City & Cty. of S.F. v. United States Postal Serv.*, No. C 09-1964 RS, 2011 U.S. Dist. LEXIS 123424, at *15 (N.D. Cal. Oct. 25, 2011) (quoting *Lujan*, 504 U.S. at 561).  Summary judgment is appropriate if the plaintiff fails to raise a triable issue of material fact or establish standing as a matter of law.  *See In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 747 (9th Cir. 2012).

Plaintiff is silent with respect to his standing to pursue a breach of contract claim against Certas but argues that he has standing to sue Certas for bad faith because he is "entitled to coverage under the Section B/PIP benefits in the Dorns' Certas auto insurance policy."  ECF No. 16 at 18.  Plaintiff relies on Washington Supreme Court caselaw recognizing that an insurance company is the "insurer" not only of a policyholder but of an injured pedestrian who makes a PIP claim on the tortfeasor's insurance company.  *Id.* (citing *Barriga Figueroa v. Prieto Mariscal*, 193 Wn.2d 404, 411–12 (Wash. 2019)).

As the Court already found Plaintiff's theory that he is an "insured" for purposes of Section B or PIP benefits under the Certas automobile insurance contract to be legally unsupported, Plaintiff's sole asserted basis for standing fails. The undisputed facts and the controlling law support that Plaintiff was not in a contractual relationship with Certas for purposes of a breach of contract claim and

that Plaintiff lacks standing to assert bad faith and CPA claims against Certas as a third party.

Accordingly, Defendant Certas is entitled to summary judgment on Plaintiff's breach of contract, bad faith, and CPA claims as well, and the Court grants the remainder of Certas's Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Certas's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2. Judgment shall be entered for Defendant Certas on the declaratory judgment, breach of contract, bad faith, and CPA claims against that party.

3. As this Order resolves all pending claims against Defendant Certas, and the claims resolved are distinct from the remaining claims alleged against the Dorn Defendants, the Court certifies that there is no just reason for delay to appeal the decision and the Judgment to follow. *See* Fed. R. Civ. P. 54(b); *see also* ECF No. 12-1 at 5 (requesting entry of final judgment under Rule 54(b)).

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter Judgment for Defendant Certas as directed, and provide copies to counsel.

**DATED** August 6, 2021.          _s/ Rosanna Malouf Peterson_
                                                 ROSANNA MALOUF PETERSON
                                                 United States District Judge