FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN D. ROBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>LORNE A. DORN; and KIM DORN,<br><br>    Defendant. | No. 2:21-CV-00064-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

   Before the Court is Defendants' Motion for Protective Order, ECF No. 44. The motion was considered without oral argument. Plaintiff is represented by David Beninger; J. Andrew Hoyal, II; Mark Kamitomo; Patricia Anderson; and George Ahrend. Defendants are represented by Donald Guthrie and Patricia Buchanan.

   Defendants request that the Court issue a protective order pursuant to Federal Rules of Civil Procedure 26, 33, and 34. ECF No. 44. Defendants argue that Plaintiff's discovery requests seek privileged records, are harassing and unduly burdensome, and are not reasonably tailored to lead to the discovery of admissible evidence. Plaintiff in response argues that all of the requested discovery is relevant, not overbroad, and not protected by privilege. ECF No. 48. For the reasons discussed below, the Court **denies** Defendants' motion.

//

**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER** # 1

## Facts

The following facts are taken from the briefing regarding Defendants' Motion for Protective Order, ECF Nos. 44, 48, 51.

On January 30, 2020, sometime in the afternoon or evening, Plaintiff Alan Robertson pulled over in his car when he saw an injured deer in the roadway. As Plaintiff was dragging the deer to the side of the road, Defendants Lorne and Kim Dorn drove down the road and struck Plaintiff with their pickup truck—Mr. Dorn was driving, while Mrs. Dorn was in the passenger seat. Defendants were on their way home from skiing at Red Mountain in British Columbia when they hit Plaintiff. Defendants allege that they did not see Plaintiff or the deer in the road at the time of the collision.

## Procedural Background

Plaintiff filed his Complaint in the Stevens County Superior Court on November 16, 2020. ECF No. 1-1. In the Complaint, Plaintiff named Defendants Lorne and Kim Dorn; Desjardins General Insurance Group d/b/a Certas Home and Auto Insurance Company ("Certas"); and any other John Does that may have liability arising from the collision. Plaintiff asserted claims for breach of express or implied terms and conditions of the insurance contract; violations of the Consumer Protection Act; negligence; and estoppel from denying insurance coverage or benefits.

Defendants removed the case to federal court on January 28, 2021, based on diversity jurisdiction. ECF No. 1. On March 3, 2021, Defendant Certas filed a Motion for Summary Judgment. Judge Rosanna Peterson granted the motion on August 6, 2021, thereby dismissing Certas from the case. ECF No. 27. The case was then reassigned to Chief Judge Stanley A. Bastian on October 21, 2021. ECF No. 43.

Defendants filed their Motion for Protective Order on October 21, 2021. ECF No. 44. Jury trial in this case is currently scheduled for April 18, 2022. The

**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER # 2**

Court has scheduled a telephonic status conference for December 3, 2021 to discuss the case deadlines set by Judge Peterson. ECF Nos. 41, 46.

## Legal Standard

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery of any nonprivileged matter that is relevant to a party's claim or defense and is proportionate to the needs of their case. Fed. R. Civ. P. 26(b)(1). Evidence need not be admissible at trial to be discoverable. *Id.* For discovery purposes, relevance only requires that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978).

Rule 26 also provides the Court with authority to enter protective orders on a party's motion and forbid or limit discovery of certain evidence. Fed. R. Civ. P. 26(c)(1). The Court may, if supported by a finding of good cause, issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* The party seeking the protective order must show a specific prejudice or harm that will result if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

## Discussion

Defendants object to Plaintiff's requests for the following information: (1) all of Defendant Lorne Dorn's medical records relating to optometry, ophthalmology, and Lasik examination/procedures; (2) Defendant Lorne Dorn's medical records from his primary care provider for the last 10 years; (3) all cell phone location data and call metadata from Defendants' cell phones and cell phone service providers; (4) a copy of Defendants' credit and/or debit cards that were in effect on January 30, 2020, as well as receipts/statements from these cards for January 30, 2020.

//

**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER # 3**

First, Defendants object to the requests for medical records because (1) Plaintiff has not disclosed an expert that is qualified to provide opinions on Mr. Dorn's optometry, ophthalmology, and Lasik records or his general medical records; (2) the burden of these requests outweigh the benefit of any potentially responsive information; and (3) these records are privileged under Wash. Rev. Code § 5.60.060(4). Second, Defendants object to the request for cell phone location data and metadata because (1) Plaintiff has not disclosed an expert that is qualified to provide opinions on this data; and (2) this data pertains to an issue that is not disputed by the parties, and thus the request is harassing and will only obtain cumulative evidence. Finally, Defendants object to the request for credit/debit card receipts and statements from January 30, 2020 because (1) Defendants' actions and whereabouts on the date in question are not in dispute and (2) given that these records contain sensitive personal financial information, this request is unduly burdensome.

Plaintiff in response argues that, though he would have agreed to limiting dissemination of the requested discovery, the Court should deny Defendants' motion to bar discovery. Plaintiff argues that the requested discovery is both relevant and proportionate to the needs the case. First, Plaintiff argues that the medical records—particularly the optometry/ophthalmology/Lasik records—are necessary to help determine why Mr. Dorn did not see Plaintiff or slow down his vehicle, despite there allegedly being 1,030 feet and up to 15 seconds of visibility between when Defendants came upon Plaintiff and when they struck him. Second, Plaintiff argues that the cell phone data is necessary to determine exactly what time the collision occurred and thereby determine how much light was remaining at the time of the collision. Defendants allege that the collision occurred at approximately 5:15 p.m., which they estimate based on the time that Mrs. Dorn made a call on her cell phone prior to the collision. Defendants also allege that it was already dark when they struck Plaintiff and that Plaintiff was not at all visible in the road.

**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER # 4**

Plaintiff, on the other hand, identifies two witnesses who arrived at the scene, both of whom allege that it remained light until well after the collision occurred. Thus, Plaintiff argues that Defendants' cell phone location and call metadata will help pinpoint the time and the light levels at the time of the collision. Finally, Plaintiff argues that the credit/debit card receipts/statements are necessary because these too can help corroborate the time of the collision (*i.e.*, show what time Defendants departed Red Mountain).

The Court denies Defendants' motion. Plaintiff's Complaint asserts that Defendants were negligent in causing the collision. Plaintiff's requested discovery could help shed light on whether Defendants were negligent, specifically whether Mr. Dorn had any medical or vision impairments that would have prevented him from driving in a reasonably safe manner and whether there was sufficient light such that Mr. Dorn should have been able to see Plaintiff in the road and/or stop his vehicle prior to running him over. Thus, the Court finds the requested discovery is both relevant to Plaintiff's claims and proportionate to the needs of his case.

Moreover, Mr. Dorn's medical records are not protected under Wash. Rev. Code § 5.60.060(4). A federal court sitting in diversity must apply the conflict of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Washington courts rely on the Restatement (Second) of Conflict of Laws to determine which state's privilege laws apply. *State v. Donahue*, 105 Wash. App. 67, 71 (2001). Under the Restatement, "[e]vidence that is not privileged under the local law of the state which has the most significant relationship with the communication will be admitted, even though it would be privileged under the local law of the forum, unless the admission of such evidence would be contrary to the strong public policy of the forum." Restatement (Second) of Conflicts of Law § 139(1).

Here, Defendants are citizens of Canada and reside in Alberta. ECF No. 30 at ¶ 1.2. Plaintiff alleges that all of the medical records he is requesting from Mr.

**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER # 5**

Dorn are from Alberta medical providers. Thus, Plaintiff argues—and the Court agrees—that Alberta is the state with the most significant relationship with the medical records. Under Alberta law, "[a] custodian may disclose individually identifying diagnostic, treatment and care information without the consent of the individual who is the subject of the information . . . (h) for the purpose of a court proceeding[.]" Health Information Act, R.S.A. 2000, c H-5, § 35(1)(h). Additionally, Defendants have not demonstrated that admission of this evidence would be contrary to the strong public policy of Washington. Thus, under the applicable law of the case, Mr. Dorn's medical records are not protected by privilege.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Protective Order, ECF No. 44, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 22nd day of November 2021.

Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER # 6**