1

2

3

4

5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2022

SEAN F. McAVOY, CLERK

6          UNITED STATES DISTRICT COURT

7          EASTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| 9  ALAN D. ROBERTSON, | No. 2:21-CV-00064-SAB |
| 10        Plaintiff, | |
| 11        v. | **ORDER GRANTING** |
| 12  LORNE A. DORN; and KIM DORN, | **STIPULATED MOTION FOR** |
| 13        Defendants. | **PROTECTIVE ORDER** |
| 14 | |

15    Before the Court is the parties' Stipulated Protective Order Re: Nonparty

16  Providence Sacred Heart Medical Center, ECF No. 136. Plaintiff is represented by

17  David Beninger; Mark Kamitomo; Patricia Anderson; and George Ahrend.

18  Defendants are represented by Patricia Buchanan; Megan Starks; and Sara Sutton.

19  Providence Sacred Heart Medical Center is represented by Andrew Wagley and

20  Stephen Lamberson.

21    Pursuant to the Court's previous Order, ECF No. 132, the parties have

22  submitted their stipulated proposed protective order for the information sought

23  from Providence Sacred Heart Medical Center. The Court finds good cause to

24  grant the motion.

25  //

26  //

27  //

28  //

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE
ORDER # 1**

1     Accordingly, **IT IS HEREBY ORDERED**:

2     1.     The parties' Stipulated Protective Order Re: Nonparty Providence

3 Sacred Heart Medical Center, ECF No. 136, is **GRANTED**.

4     2.     The Court enters the following into the record:

5 **Stipulated Protective Order**

6 1.     <u>PURPOSES AND LIMITATIONS</u>

7     After the Court in the above-entitled case denied protection from discovery

8 but granted a protective order on dissemination based on allegations that certain

9 information sought from Nonparty Providence Sacred Heart Medical Center

10 ("Nonparty PSHMC") through the Amended Subpoena served on or about January

11 28, 2022 and March 9, 2022 may include protected confidential commercial

12 information. As a result of that Order, Plaintiff, Defendants, and Nonparty PSHMC

13 hereby submit to and petition the Court to enter the following Stipulated Protective

14 Order in the form adopted in this Circuit. The parties acknowledge that this

15 agreement is consistent with the order in this case and LCR 26(c). It does not

16 confer blanket protection on all disclosures or responses to discovery, the

17 protection it affords from public disclosure and use extends only to the limited

18 information or items that the Court determined are entitled to confidential

19 treatment under the applicable legal principles, and it does not presumptively

20 entitle parties to file confidential information under seal.

21 2.     <u>"CONFIDENTIAL" MATERIAL</u>

22     "Confidential" material shall include certain information, documents, and

23 testimony designated as such in accordance with the Court's Order and obtained

24 from Nonparty PSHMC.

25 3.     <u>SCOPE</u>

26     The protections conferred by this agreement cover not only confidential

27 material (as defined above), but also (1) any information copied or extracted from

28 confidential material; (2) all copies, excerpts, summaries, or compilations of

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER # 2**

confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER # 3**

duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who acknowledged they will treat Confidential material as confidential consistent with this Protective Order, and subsequently sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information.

4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of the applicable law even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the presumption of public access to the Court's files.

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER # 4**

5.      DESIGNATING PROTECTED MATERIAL

      5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

      (a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g.,

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER # 5**

by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER # 6**

1  original designation is disclosed.

2      6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any

3  dispute regarding confidential designations without court involvement. Any motion

4  regarding confidential designations or for a protective order must include a

5  certification, in the motion or in a declaration or affidavit, that the movant has

6  engaged in a good faith meet and confer conference with other affected parties in

7  an effort to resolve the dispute without court action. The certification must list the

8  date, manner, and participants to the conference. A good faith effort to confer

9  requires a face-to-face meeting or a telephone conference.

10      6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without

11  court intervention, the designating party may file and serve a motion to retain

12  confidentiality pursuant to the applicable law. The burden of persuasion in any

13  such motion shall be on the designating party. Frivolous challenges, and those

14  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and

15  burdens on other parties) may expose the challenging party to sanctions. All parties

16  shall continue to maintain the material in question as confidential until the court

17  rules on the challenge.

18  7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

19  <u>IN OTHER LITIGATION</u>

20      If a party is served with a subpoena or a court order issued in other litigation

21  that compels disclosure of any information or items designated in this action as

22  "CONFIDENTIAL," that party must:

23          (a) promptly notify the designating party in writing and include a

24      copy of the subpoena or court order;

25          (b) promptly notify in writing the party who caused the subpoena

26      or order to issue in the other litigation that some or all of the material

27      covered by the subpoena or order is subject to this agreement. Such

28      notification shall include a copy of this agreement; and

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER # 7**

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of the file, even if such materials contain confidential material.

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER # 8**

1    The confidentiality obligations imposed by this agreement shall remain in

2 effect until a designating party agrees otherwise in writing or a court orders

3 otherwise.

4    **IT IS SO ORDERED.** The District Court Clerk is directed to enter this

5 Order and provide copies to counsel.

6    **DATED** this 22nd day of March 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE
ORDER # 9**